FUNCTION - CHANGE

```
FUNCTION - CHANGE                                          CASE SCREEN  4
      Case number : 18-C-36                          Action Log
      FIRST NATIONAL BANK OF WILLIAM   vs. ST PAUL MERCURY INSURANCE COMP
Line   Date              Action / Results
   1 04/05/18 SUMMONS-CIVIL CASE-PETITION FILED AND SENT TO SOS FOR SERVICE;
   2 04/05/18 SOS ACCEPTED SERVICE  FILED;
```

STATE OF WEST VIRGINIA
COUNTY OF MINGO,
I, LONNIE HANNAH, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT,
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 3
DAY OF _May, 2018_
_____ CLERK
CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

EXHIBIT A

Case 2:18-cv-00900   Document 1-1   Filed 05/08/18   Page 2 of 12 PageID #: 6

```
      Case number : 18-C-36                             Action Log
        FIRST NATIONAL BANK OF WILLIAM   vs. ST PAUL MERCURY INSURANCE COMP
Line  Date                    Action / Results
   1  04/05/18 SUMMONS-CIVIL CASE-PETITION FILED AND SENT TO SOS FOR SERVICE;
   2  04/05/18 SOS ACCEPTED SERVICE  FILED;
```

```
   C=Chg  D=Del  1-4=Scr  M=Menu  T=Chg Line#  PgUp PgDn P=Prt A=Add I=Image
```

STATE OF WEST VIRGINIA
COUNTY OF MINGO,
I, LONNIE HANNAH, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT,
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 3
DAY OF May 20 18
_____ CLERK
CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
       886-767-8683
Visit us online:
www.wvsos.com

Grant Preece
Mingo County Courthouse
78 EAST 2ND AVE., ROOM 232
Williamson, WV 25661-0435

| | |
|---|---|
| **Control Number:** 216574 | **Agent:** Corporation Service Company |
| **Defendant:** ST. PAUL MERCURY INSURANCE COMPANY<br>209 West Washington Street<br>Charleston, WV 25302 US | **County:** Mingo |
| | **Civil Action:** 18-C-36 |
| | **Certified Number:** 92148901125134100002293601 |
| | **Service Date:** 4/9/2018 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

STATE OF WEST VIRGINIA
COUNTY OF MINGO,
I, LONNIE HANNAH, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT,
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 3
DAY OF _May 2018_
_____ CLERK
CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

**SUMMONS**

**FIRST NATIONAL BANK OF WILLIAMSON,**
**a chartered U.S. national bank,**

    **Plaintiff,**

**V.**             **CIVIL ACTION: 18-C-** 36

**ST. PAUL MERCURY INSURANCE COMPANY,**
**a Connecticut insurance company,**

    **Defendant,**

**Serve:**   **Corporation Service Company**
      **209 West Washington Street**
      **Charleston, West Virginia 25302**

   IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon **CHRISTIAN R. HARRIS**, Plaintiff's attorney whose address is

**P. O. BOX 257, WILLIAMSON, WEST VIRGINIA 25661**, an answer including any related

counterclaim you may have to the Complaint filed against you in the above styled Civil

Action, a true copy of which is herewith delivered to you. You are required to serve your

answer within **THIRTY (30) DAYS** after service of this Summons upon you, exclusive of

the day of service.  If you fail to do so, Judgment by Default will be taken against you for

the relief demanded in the Complaint and you will be thereafter barred from asserting in

another action any claim you may have which may be asserted by counterclaim in the

above styled Civil Action.

Dated:  04 / 05 / 2018

                        _____
                        Clerk of Court

STATE OF WEST VIRGINIA
COUNTY OF MINGO,
I, LONNIE HANNAH, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT,
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 3
DAY OF May 2018
_____ CLERK
CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

**IN THE CIRCUIT COURT OF** _____ **MINGO** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**  Case No. **18·C·36**

**Plaintiff(s)**  Judge: _____

FIRST NATIONAL BANK OF WILLIAMSON

vs.

**Defendant(s)**

ST. PAUL MERCURY INSURANCE COMPANY
_Name_

385 WASHINGTON STREET
_Street Address_

ST. PAUL, MINNESOTA  55102-1396
_City, State, Zip Code_

| Days to Answer | Type of Service |
|---|---|
| 30 | Certified Mail |

_(stamp: MINGO COUNTY CIRCUIT CLERK   2018 APR -5  AM 9:28   ADMITTED TO RECORD)_

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 05 / 2019

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: CHRISTIAN R. HARRIS
Firm: LAW OFFICE OF CHRISTIAN R. HARRIS
Address: 128 EAST 2ND AVENUE
Telephone: (304) 235-2131

Representing:
- [✓] Plaintiff  [ ] Defendant
- [ ] Cross-Defendant [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant

[ ] **Proceeding Without an Attorney**

Original and _____ copies of complaint enclosed/attached.

Dated: 04 / 05 / 18   Signature: *Christian R. Harris*

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 12/2015

19·C·36

1    **LAW OFFICE OF CHRISTIAN R. HARRIS**
     Christian R. Harris (WV SBN 7170)
2    128 East 2nd Avenue
     Williamson, West Virginia 25661
3    Telephone: (304) 235-2131
     Facsimile:  (304) 235-2132
4
     Counsel for Plaintiff
5    First National Bank of Williamson

6

7

8                    IN THE CIRCUIT COURT OF MINGO COUNTY,

9                                 WEST VIRGINIA

10                          THIRTIETH JUDICIAL CIRCUIT

11

12   FIRST NATIONAL BANK OF          )   Case No.
     WILLIAMSON, a chartered U.S.    )
13   national bank,                  )   **FIRST NATIONAL BANK OF**
                                     )   **WILLIAMSON'S COMPLAINT**
14                Plaintiff,         )   **FOR BREACH OF CONTRACT**
                                     )
15          v.                       )   **DEMAND FOR JURY TRIAL**
                                     )
16   ST. PAUL MERCURY INSURANCE      )
     COMPANY, a Connecticut insurance)
17   company,                        )
                                     )
18                Defendant.         )
                                     )
19                                   )
                                     )
20   _____)

21

22

23

24

25

26

27

28
                                                        First National Bank of Williamson's
                                                        Complaint for Breach of Contract
2569565.

Plaintiff First National Bank of Williamson ("FNB") complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This action is an insurance coverage litigation arising out of Defendant St. Paul's refusal to indemnify FNB against a settlement of claims asserted against FNB and certain insured directors and officers of FNB by the United States of America, acting through the United States Attorney's Office for the Southern District of West Virginia (the "USAO Investigation").  This is a Complaint for damages arising from Defendant St. Paul's refusal and denial of benefits due under a policy of insurance issued to FNB.

2.     This Court has jurisdiction over this case and over Defendant pursuant to the provisions of W. Va. Code § 56-3-33, in that Defendant transacted business in this state, including contracting to insure FNB.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.     Venue is appropriate in Mingo County, West Virginia pursuant to the provisions of W. Va. Code § 56-1-1, as the acts and practices of Defendant St. Paul at issue herein occurred in and caused damages in the City of Williamson, West Virginia.  Specifically, Defendant St. Paul issued policies of insurance to FNB, a resident of Williamson.  The underlying settlement for which Defendant St. Paul wrongfully denied coverage was entered into and performed in Mingo County.  Moreover, Defendant St. Paul's performance under the insurance policy at issue is due in Mingo County.

## PARTIES

4.     FNB is, and at all times herein mentioned was, a national bank chartered by the United States Office of the Comptroller of the Currency, with its principal place of business in West Virginia.

5.     FNB is informed and believes, and based thereupon alleges, that Defendant St. Paul Mercury Insurance Company ("St. Paul") is, and at all times

First National Bank of Williamson's
Complaint for Breach of Contract

2569565.

- 1 -

1 herein mentioned was, a Connecticut corporation with its principal place of business
2 in Minnesota, and was authorized to do business in West Virginia.

3 **FACTUAL BACKGROUND**

4      6.     In exchange for valuable consideration, Defendant St. Paul provided
5 policies of insurance to FNB, including without limitation, Management Liability
6 and Bankers Professional Liability insurance under written insurance policy ZPL-
7 14S21877-12-N2 (effective July 24, 2012 to July 24, 2013) (the "2012-2013 St. Paul
8 Policy").

9      7.     At all times herein mentioned, FNB paid all premiums on the 2012-
10 2013 St. Paul Policy as they became due and payable, and has duly complied with
11 all material conditions in all such policies, except for those conditions which have
12 been waived or excused by Defendant St. Paul.

13      8.     The 2012-2013 St. Paul Policy insures FNB against, among other
14 things, "Loss for which the [FNB] becomes legally obligated to pay on account of
15 any Claim first made against the Company during the Policy Period." The 2012-
16 2013 St. Paul Policy also provides that St. Paul has the duty to defend FNB and
17 other insureds against any Claim covered by the policy. The 2012-2013 St. Paul
18 Policy further provides that FNB's directors and officers are insureds under the
19 policy. The Management Liability and Bankers Professional Liability coverage
20 sections of the 2012-2013 St. Paul Policy each provide $2 million of coverage,
21 subject to a $40,000 self-insured retention ("SIR").

22      9.     The 2012-2013 St. Paul Policy defines "Loss" to mean "the amount
23 which the Insureds become legally obligated to pay on account of each Claim and
24 for all Claims made against them during the Policy Period…for Wrongful Acts for
25 which coverage applies, including Damages, judgments, settlements and Defense
26 Costs." The 2012-2013 St. Paul Policy further provides that "Loss" does not
27 include "taxes, or fines or penalties imposed by law…"

28

10.     In or around March 2013, the USAO provided FNB with a letter identifying FNB as a target of a grand jury investigation.  FNB provided timely notice of such grand jury investigation to Defendant St. Paul.

11.     Thereafter, on September 6, 2016, the USAO requested tolling agreements from FNB and certain of its directors and officers (the "targeted individuals") in connection with the grand jury investigation.  FNB likewise provided timely notice of this Claim to Defendant St. Paul.

12.     By letter dated October 7, 2016, Defendant St. Paul accepted a duty to defend FNB and the targeted individuals against the USAO Investigation, subject to a reservation of rights.

13.     In or around February 2017, FNB, the targeted individuals and Defendant St. Paul entered into a settlement agreement relating to certain defense costs incurred by FNB prior to September 6, 2016 (the "Past Defense Costs Settlement").  The parties to the Past Defense Costs Settlement did not release any claims or defenses regarding any settlement or other indemnity costs relating to the USAO Investigation.

14.     On or about February 1, 2017, Defendant St. Paul authorized FNB and the targeted individuals to enter into a settlement of the USAO Investigation, without admission of liability, fault or wrongdoing (the "USAO Settlement"), which settlement required, *inter alia*, FNB to make a $1.36 million settlement payment on behalf of itself and the targeted individuals to the United States Marshals Service. However, Defendant St. Paul refused to indemnify against that settlement payment, contending that the payment was not covered "Loss" under the 2012-2013 St. Paul Policy, but was instead an excluded "fine or penalty."

15.     On or about November 27, 2017, Defendant St. Paul reaffirmed its denial of coverage for the $1.36 million settlement payment, again asserting that it was a "fine or penalty," and therefore not covered under the 2012-2013 St. Paul Policy.  FNB contends that the $1.36 million settlement payment was a payment

1  made pursuant to the USAO Settlement in compromise of certain claims against
2  FNB and the targeted individuals, and was neither a fine, nor a penalty.

3      16.    Despite having promised to pay all such settlement costs, Defendant St.
4  Paul has wrongfully delayed, denied and refused, and continues to wrongfully delay,
5  deny and refuse, to pay the $1.36 million settlement payment of the USAO
6  Investigation.  Consequently, FNB has been forced to incur or pay such settlement
7  out of its own pocket without reimbursement from Defendant St. Paul.

8                    **FIRST CLAIM FOR RELIEF**
9            **(Breach of Contract – Failure To Pay Covered Loss)**

10      1.    FNB realleges and incorporates by this reference each of the foregoing
11  Paragraphs of this Complaint as if fully set forth herein.

12      2.    Defendant St. Paul has breached its contractual obligations under the
13  2012-2013 St. Paul Policy issued to FNB, including Defendant St. Paul's duty to
14  pay covered Loss incurred by FNB and the targeted individuals in connection with
15  the USAO Investigation, by, among other things, denying coverage for, delaying,
16  refusing and failing to pay the $1.36 million settlement payment.

17      3.    As a direct and proximate result of Defendant St. Paul's breach of
18  contract as alleged herein, FNB has been required to incur, agree to pay or pay the
19  $1.36 million settlement payment without reimbursement.  FNB has thereby been
20  damaged in an amount to be determined at trial, which damages include, without
21  limitation, FNB's unreimbursed $1.36 million settlement payment, together with
22  interest thereon.

23
24
25
26
27
28

First National Bank of Williamson's
Complaint for Breach of Contract

2569565.                                  - 4 -

## **PRAYER FOR RELIEF**

1

2          WHEREFORE, FNB prays for judgment against Defendant St. Paul, as

3   follows:

4          1.      For compensatory damages, including all of FNB's unreimbursed $1.36

5   million settlement payment incurred in connection with the USAO Investigation and

6   any other benefits due under the 2012-2013 St. Paul Policy;

7          2.      For foreseeable consequential damages, in an amount to be proven at

8   trial;

9          3.      For interest as allowed by law;

10         4.      For FNB's attorneys' fees and costs of suit in this action; and

11         5.      For such other and further relief as the Court may deem just and proper.

12  Dated:  April 6, 2018                    Respectfully submitted,

13                                           LAW OFFICE OF CHRISTIAN R.
14                                           HARRIS

15

16                                           By:

17                                              Christian R. Harris
18                                              Counsel for Plaintiff
                                                First National Bank of Williamson

19

20

21

22

23

24

25

26

27

28

## <u>JURY TRIAL DEMAND</u>

1.      First National Bank of Williamson hereby demands trial by jury as provided by Rule 38 of the West Virginia Rules of Civil Procedure.

Dated:  April 6, 2018                              Respectfully submitted,

LAW OFFICE OF CHRISTIAN R. HARRIS


By: _Christian Harris_____
Christian R. Harris
Counsel for Plaintiff
First National Bank of Williamson

First National Bank of Williamson's
Complaint for Breach of Contract

2569565.

- 6 -